UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X      Case No. 10-50555-jf

IN RE:

ARSHAD SLAM                                              Chapter 13

-------------------------------------------------X

## AFFIRMATION IN SUPPORT OF A MOTION TO REQUEST VALUATION OF SECURITY INTEREST

Karamvir S. Dahiya of Dahiya Law Offices LLC respectfully submit the following in support of the motion.

1. This case was commenced on November 9, 2010 under section 301 and Chapter 13 of Title 11 of the United States Code.

2. The debtor is eligible debtor under this chapter 13 of the Bankruptcy Code as their secured debts are $342,805.64 and unsecured debts do not exceed statutory limitation. 11 USC § 109 (e)

3. Ms. Marianne DeRosa is the Chapter 13 Trustee appointed pursuant to 11 USC §1302 and is a necessary party to this hearing as it pertains to the value of the property subject to a lien. 11 USC 1302 (b) (2) (A).

4. This court has jurisdiction on this matter pursuant to 28 § 1334 and venue is proper in this district. See 28USC § 1408.

5. This matter is a core proceeding pursuant to 28 U.S.C. §157, and that this court has jurisdiction over this matter pursuant to 28 U.S.C. § 151, 157 and 1334.

I

6. It is the debtor that shall propose a plan and hence must properly treat the claims and meet the best interest of the creditors. 11 USC § 1321

7. To meet preceding requirement, the debtor must value the assets with liens of the claimants.

8. Security interest of a creditor has to be ascertained before it is classified for a specific treatment.

9. Debtor request valuation hearing pursuant to 11 USC §506 for modification of rights of the holder of alleged secured claims as provided under 11 USC § 1322 (b) (2). See 11 USC §103.

10. Debtors as an exclusive plan proponent have a derivative standing to request such hearing.

11. At the time debtors filed their bankruptcy petition and at the present time the value of their interest in the said residential real estate was and is approximately $320,000 Ex.A

12. The Debtor's interest in the real estate is subject to a first lien of $342,805.64 arising out of a mortgage in favor of Bank of America Home Loan Servicing, LP P O Box 15222, Wilmington DE 19886-5222. Ex. B

13. The Debtor's interest in their residential real estate is subject to a second lien arising out of a mortgage in favor of Bank of Amercia Home Loan Servicing, LP in the amount of $65,285.02 Ex C

14. The lien securing the second mortgage of "BAC Home Loan Servicing, LP " is Junior to the first mortgage listed above as owing to Bank of America Home Loan Servicing, LP.

15. There is no equity in their home at the time of filing of this petition. Therefore Bank of America Home Loan Servicing" has no secured interest for the loan secured by the second lien on the subject real estate.

16. Pursuant to 11 U.S.C. Section 506 (a), the defendant has no allowable secured claim regarding the claim for the second mortgage loan on the subject real estate.

17. Any timely filed claim of the defendants for the second mortgage loan is allowable only as an unsecured claim and, to the extent that no such claim was filed, the defendant has no claim against this estate.

18. The debtor requests for a ruling holding that the second lien held by Bank of America Home Loans Servicing, LP on the residential property bearing address, 96-08 25 Avenue East Elmhurst, NY 11369, be declared void.

19. The debtor seeks to modify the rights of a wholly unsecured mortgages under code § 1322 (b) (2). See in re Pond 252 F. 3d at 126.

20. § 1322 (b) (2) grants that option to the debtor to strip off a wholly unsecured mortgage lien in a chapter 13 proceeding, notwithstanding the antimodification exception of §1322 (b)(2)

21. There is insufficient equity to reach the second mortgage as a result of which the second mortgage is totally unsecured.

22. The entire value has been subsumed by the first lien holder i.e. Bank of America Home Loans Servicing Company, LP.

23. The debtor here does not dispute the validity, extent or priority of the lien.

24. They are only asking the court for determination that the allowed claim of the second lien holder is unsecured. There is a consensual lien as created and defined under 11 USC 101(37).

    a. Though the debt is asserted as an unsecured one in the filed schedules, however for the purposes of it voidance under the law, it must so determined by this court.

    b. Not even a single dollar value trickles down for the benefit of the second lien holder.

25. The debtor requests that the claim (Second Lien of $65285.02) of Bank of America Home Loans Servicing, LP be treated as wholly unsecured.

    Wherefore, the debtor requests that after such notice and hearing, as this court deems appropriate, the Court enter an Order:

    a) Pursuant to 11 USC § 506 valuing the collateral as unsecured vis-a-vis Bank of America Home Loan Servicing, LP. Second loan of $65285.02

    b) Allowing Bank of America Home Loan Servicing, LP second loan of $65285.02 as an unsecured claim without priority;

    c) Direct the Trustee that any timely proof of claim of the Bank of America Home Loan Servicing, LP for the second mortgage lien be treated as an

unsecured claim under the plan and for such other relief as is just and appropriate.

Dated: February 1, 2011
New York, New York

_____
Karamvir Dahiya, Esq.

5